**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000480
16-AUG-2012
10:47 AM**

NO. CAAP-11-0000480

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ALBERTA J. RIVERA,
Appellant-Appellant,
v.
STATE OF HAWAI'I and
DEPARTMENT OF HAWAIIAN HOME LANDS and
HAWAIIAN HOMES COMMISSION,
Appellees/Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-335)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard JJ.)

Appellant Alberta J. Rivera (Rivera) appeals from the judgment entered May 31, 2011 in the Circuit Court of the Third Circuit[1] (circuit court). Judgment was entered in favor of Appellees State of Hawai'i, the Department of Hawaiian Home Lands (DHHL) and the Hawaiian Homes Commission (HHC) (collectively, Appellees) pursuant to the "Findings of Fact, Conclusions of Law, and Order Affirming Administrative Decision" entered May 2, 2011.

Rivera's DHHL lease was terminated due to breach of the terms. Rivera's husband was caught selling drugs for a third time at their home. The lease was cancelled on the basis that Rivera knew or should have known of the illegal activity. The

---

[1] The Honorable Greg K. Nakamura presided.

lease required Rivera to "comply with all of the requirements of all municipal, state and federal authorities and observe all municipal ordinances and state and federal statutes pertaining to said premises." The lease also prohibited Rivera from "permit[ting] to be committed any . . . unlawful use of the demised premises." HHC held a contested case hearing when Rivera challenged the cancellation of the lease. HHC upheld the termination of the lease and denied reconsideration. Rivera appealed to the circuit court. Circuit court affirmed HHC's decision.

On June 20, 2011, Rivera filed a notice of appeal from the May 31, 2011 judgment.

Rivera's points on appeal are as follows:

Whether the Third Circuit Court committed reversible error in upholding the decisions granting Appellees' orders and findings of fact in the above entitled case as follows:

(1) The [circuit court's] and [HHC's] findings of fact, conclusions of law and decisions and orders from July 29, 2009 ordering the forfeiture of [Rivera's] land and the denial of [Rivera's] motion to reconsider are unsupported by the facts in this case and constitute a direct violation of [Rivera's] 5th, 8th and 14th amendments constitutional rights to due process, equal protection of the laws and protection from excessive fines and double jeopardy guaranteed under the United States Constitution and the Hawaii State Constitution.

(2) The Appellees[] failed to apply the law where Congress has enacted "innocent owner" defense in civil drug forfeitures (21 U.S.C.A. § 881(a)(6) [1988]). Hawaii Revised Statutes provides that the court shall limit the scope of a forfeiture judgment issued pursuant to section [712A-5(1)(b)] to the extent the court finds the effect of the forfeiture is grossly disproportionate to the nature and severity of the owner's conduct. The Appellees[] and the [circuit court] failed to follow the law in determining whether the forfeiture was grossly disproportionate to [Rivera's] conduct.

(3) There was insufficient evidence submitted or admitted into evidence by the Appellees[] that on April 13, 2007, the date of the alleged violation of the lease, that [Rivera] was involved in or had any actual knowledge of any criminal activity on the property and therefore the [circuit court's] and [HHC's] decisions are arbitrary, capricious and unreasonable and therefore in violation of state and federal constitutional rights to due process and equal protection.

(4) The orders and decisions entered against [Rivera] are in direct violation of the United States Constitution

and the Hawaii State Constitution Double Jeopardy Clauses that state that No person shall be put in jeopardy twice for the same offence.

(5) The [circuit court's] decisions and orders are barred by res judicata and collateral estoppel.

(Emphasis in original.)

Rivera's points on appeal are not in accordance with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) in that they fail to state where in the record the alleged error occurred, where in the record the alleged error was objected to or the manner in which the allege error was brought to the attention of the court or agency. HRAP Rule 28(b)(4)(D) provides "[p]oints not presented in accordance with this section will be disregarded except that the appellate court, at its option, may notice plain error not presented."

Additionally, Rivera's statement of the case fails to comply with HRAP Rule 28(b)(3) by not "setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings." Rivera also failed to comply with HRAP Rule 28(b)(7) in that the argument section of the opening brief does not cite parts of the record relied on. Counsel is warned future noncompliance with HRAP Rule 28(b) may result in sanctions against him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Rivera's appeal is without merit. HHC did not err in concluding that the terms of Rivera's lease had been violated, and the circuit court properly affirmed HHC's decision to cancel the lease.

Therefore,

IT IS HEREBY ORDERED that the May 31, 2011 judgment entered in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, August 16, 2012.


On the briefs:

Johnaaron Murphy Jones
for Appellant-Appellant.

Diane K. Taira
Scott Kalani Bush
Deputy Attorneys General
for Appellees-Appellees.

Chief Judge

Associate Judge

Associate Judge

4